99 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John FORD, Plaintiff-Appellant,
v.
SMITH'S FOOD & DRUG CENTERS, INC., Defendant-Appellee.
 No. 95-17106.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1996.*
Decided Oct. 16, 1996.
 
 Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Ford appeals pro se the district court's summary judgment in favor of his former employer, Smith's Food & Drug Centers, Inc. ("Smith's"), in his action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1-2000e-17. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Ford contends the district court erred by granting summary judgment on his disparate treatment claims inasmuch as he raised a genuine issue of material fact about whether, on account of his race, Smith's discharged him from his part-time trucking job and failed to transfer or promote him to a full-time trucking position at its new facility.
 
 
 4
 Even assuming Ford presented evidence sufficient to establish a prima facie case of discrimination, Wallis v. J.R. Simplot Co., 26 F.3d 885, 891 (9th Cir.1994), Smith's offered a "legitimate, nondiscriminatory reason" for its adverse employment action, id. at 892. Smith's established that it attempted to contact Ford numerous times during the spring of 1993 to offer him work, but that Ford failed to respond. Smith's also proved that its company policy is to deem on-call drivers who haven't responded to three consecutive calls as having voluntarily resigned from the part-time driver position. Because Smith's offered this "legitimate, nondiscriminatory reason" for deeming Ford no longer an employee, Smith's carried its burden of production.
 
 
 5
 Once Smith's presented evidence that it took this adverse employment action for other than an impermissibly discriminatory reason, the burden then returned to Ford to produce "specific, substantial evidence of pretext," id. at 890 (internal quotations and citations omitted), which he failed to do. While Ford's affidavits establish that his wife and daughter received some calls from Smith's and gave Ford the messages, they do not raise a genuine issue of material fact regarding the Smith's company policy or whether Smith's made three or more consecutive attempts to contact Ford that went unanswered. Ford's evidence therefore raises no genuine issue of pretext. Accordingly, the district court properly entered summary judgment for Smith's on Ford's constructive discharge claim.
 
 
 6
 Moreover, inasmuch as Smith's presented a legitimate, non-discriminatory reason for no longer considering Ford an employee, Ford was required, like all non-employees, to apply for a job at Smith's new facility. Because Ford presented no evidence that he did so, the district court properly entered summary judgment for Smith's on Ford's transfer and promotion claims. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) (failure to hire claim requires, among other things, that plaintiff apply for the job for which the employer is seeking applicants).
 
 II
 
 7
 Ford contends the district court erred by granting summary judgment on his disparate impact claim inasmuch as he raised a genuine issue of material fact about whether Smith's requirement that its employees achieve a certain score on an aptitude test as a condition of employment and promotion has a disparate impact on African-Americans. We disagree.
 
 
 8
 Ford failed to establish a prima facie case of adverse impact discrimination. While Ford presented evidence that none of the 50 drivers Smith's hired for its new Riverside plant was African-American, and that one African-American was not hired because he did not perform well on the aptitude test, he did not offer any "statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group." Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 994 (1988). In particular, Ford failed to present any evidence of the number of qualified African-Americans who actually applied for an opening at Smith's. Wards Cove Packing Co. v. Atonio, 490 U.S. 642, 650-51 (1989) (statistics comparing persons holding at-issue jobs and racial composition of qualified job applicants are basic components of a disparate impact claim). The district court therefore properly entered summary judgment for Smith's on Ford's disparate impact claim.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3